EVA RAINEY *vs.* RICHARD RAINEY.

FEBRUARY 26, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CAPOTOSTO, J. This case is before us on the respondent's exception to a decision of the Superior Court granting a divorce to the petitioner on the ground of gross misbehavior. The respondent claims that this decision is erroneous.

The trial justice found that the respondent had deserted his wife for a period of at least three years, during all of

which time he had continuously associated with another woman in spite of every effort by his wife to have him discontinue that association; that he inadequately supported his wife; and that during this entire time he pursued an intentional course of conduct "with the idea of inflicting harm on his wife by so doing."

The testimony shows that the parties have two adult children, while the other woman lives with her husband and two children well along towards their majority. This woman and her husband testified for the respondent. We do not deem it necessary or expedient to refer to the testimony, other than to say that, in consequence of the respondent's inconsiderate conduct and abusive treatment, the wife's health was impaired to the extent of her requiring medical attention for almost three years.

There is ample evidence in this case to have justified the trial justice in granting the petition on the ground of extreme cruelty. *Grant* v. *Grant,* 44 R. I. 169. But he based his decision on the ground of gross misbehavior. G. L. 1923, Chap. 291, Sec. 2. In *Stevens* v. *Stevens,* 8 R. I. 557, this court held that the general clause of the statute providing for divorces "for gross misbehavior and wickedness repugnant to and inconsistent with the marriage covenant" should be interpreted in the light of the preceding enumerated grounds for divorce; and that to make the conduct of a respondent a ground for divorce under this general clause, such conduct should have some character of licentiousness or brutality allying it in its moral attributes with adultery or extreme cruelty. *Walker* v. *Walker,* 38 R. I. 362.

In the case at bar the trial justice, in resting his decision for the petitioner on the ground of gross misbehavior, stated that, although there was no direct testimony of any lascivious or licentious conduct on the part of the respondent, "the attitude of the parties leaves much to be explained." This language is significant and indicates to us that the trial justice, who had an opportunity of observing

the witnesses while testifying, drew the inference that the respondent had in fact demeaned himself in a lascivious or licentious manner. In the opinion of a majority of the court, the testimony, when considered as a whole, is reasonably open to this inference.

It is incumbent upon the respondent to establish in this court that such an inference is unwarranted. This he has failed to do. As we cannot say that the trial justice was clearly wrong in drawing the inference that he did, and as we further find that the evidence shows conduct on the part of the husband amounting to extreme cruelty, we are of the opinion that the instant case falls within the rule of *Stevens* v. *Stevens, supra.*

The respondent's exception is overruled and the case is remitted to the Superior Court for further proceedings.

*William M. Connell,* for petitioner.

*William A. Gunning,* for respondent.